UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-60479-CIV-ALTONAGA/White

ISMAEL CESAR,

       Petitioner,

vs.

WALTER M. McNEIL,

       Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the Report of Magistrate Judge ("Report") [D.E. 20] of Magistrate Judge Patrick A. White, entered May 11, 2010. On March 31, 2009, Petitioner, Ismael Cesar, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition") [D.E. 1]. The Clerk referred the Petition to Judge White under Administrative Order 2003-19 and 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on any dispositive matters. (*See* [D.E. 2]). On June 21, 2010, Mr. Cesar filed his Objections to the Report ("Objections") [D.E. 23]. The Court has carefully reviewed the Report, the Objections, and the applicable law, and has conducted a *de novo* review of the record.

## I. BACKGROUND

Mr. Cesar was convicted after a jury trial of the offenses of attempted first-degree murder and armed burglary of a dwelling and was sentenced as a habitual violent offender to concurrent terms of life imprisonment. Mr. Cesar's Petition raises one ground of trial court error and three grounds of ineffective assistance of trial counsel. (*See* Pet. 6–12). Specifically, Mr. Cesar maintains the trial

Case No. 09-60479-CIV-ALTONAGA/White

court improperly failed to *sua sponte* instruct the jury as to an alibi defense and that he received ineffective assistance of counsel because his lawyer: (1) failed to request an alibi jury instruction, (2) failed to request DNA testing on a camouflage sneaker retrieved from the scene of the attack, and (3) failed to move for a mistrial due to a sleeping juror.  (*See id.*).  Additionally, Mr. Cesar requests an evidentiary hearing on "newly discovered evidence" relating to a newly raised *Brady* claim.  (*See* Report 20–21); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). Judge White thoroughly addressed the merits of Petitioner's claims and found them lacking. Accordingly, Judge White recommends the Petition be denied.  Additionally, Judge White recommends Mr. Cesar's request for an evidentiary hearing be denied because Mr. Cesar did not "proffer any evidence that would require an evidentiary hearing on his newly alleged *Brady*-claim or any other claim."  (Report 21–22).

Mr. Cesar appears to raise three objections that are difficult to discern.  First, Mr. Cesar objects to the state court's failure to determine the cumulative effect of "intertwining errors" at trial. (*See* Objections 4).  Second, Mr. Cesar objects to the application of the *Strickland v. Washington*[1] standard in determining whether his counsel's failure to request DNA testing on the camouflage sneaker retrieved from the scene of the attack rendered his counsel's assistance ineffective.  (*See id.* 6).  Finally, Mr. Cesar objects to the denial of an evidentiary hearing on the "newly discovered evidence" because the evidence included police misconduct and the withholding of exculpatory

---

[1] 466 U.S. 668 (1984).

2

Case No. 09-60479-CIV-ALTONAGA/White

information including DNA lab results.  (*See id.* 9).

## II. ANALYSIS

### A. The Cumulative Effect of Potential Error

Mr. Cesar contends the state court failed to consider the cumulative effect of: (1) his lawyer's failure to move for a mistrial due to a sleeping juror, (2) his lawyer's failure to move for an alibi jury instruction, and (3) the trial court's own failure to *sua sponte* instruct the jury as to an alibi defense. "The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair."  *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298, 302–03 (1973)).  Two of Mr. Cesar's three claims relate to the actions of his trial attorney, leaving only one claim of trial court error.  Judge White found the trial court did not err by failing to instruct the jury *sua sponte* as to an alibi defense because the jury instructions that were actually given "fairly and correctly stated the issues and law." (Report 19).  Because Mr. Cesar only asserts one claim of trial court error – that was found meritless because no error had in fact occurred – it is impossible to find a cumulative effect of multiple errors.  Mr. Cesar's objection, therefore, is unavailing.

### B. Application of the *Strickland v. Washington* Standard

Mr. Cesar maintains the state court's application of *Strickland* was "objectively unreasonable" because it resulted in a finding that Mr. Cesar suffered no prejudice regarding his attorney's decision to not request DNA testing on the sneaker recovered at the crime scene.  (*See* Objection 6).  For the reasons stated by Judge White, Mr. Cesar's objection is without merit.  Judge White noted that DNA testing on the shoe would not produce any exculpatory evidence because the

3

victim in this case was unarmed during the attack and did not inflict any wounds on the perpetrator. (*See* Report 15).  Additionally, Mr. Cesar had unequivocally been identified as the perpetrator by eyewitnesses.  (*Id.*).  Mr. Cesar did not suffer prejudice as a result of his attorney's decision; therefore, his objection is without merit.

## C. Judge White's Denial of an Evidentiary Hearing

Judge White determined an evidentiary hearing is unwarranted.  To be entitled to an evidentiary hearing a petitioner must present specific non-conclusory evidence to support his or her claim.  *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990).  Mr. Cesar maintains an evidentiary hearing is warranted because of "official police misconduct" and because "[t]he pertinent facts of the instant case are not fully developed in the record, due to withheld exculpatory information which would include DNA lab results." (Objections 9).  Mr. Cesar fails to present any specific evidence that indicates "official police misconduct" had any impact on his conviction.  Mr. Cesar also fails to provide any specific evidence identifying what DNA lab results he is referring to – let alone the validity or even existence of such DNA lab results.  Mr. Cesar's objection fails to proffer any specific evidence to show he is entitled to an evidentiary hearing and, as aptly noted in Judge White's Report, "the credible evidence admitted at trial, which includes testimony from three eyewitnesses, sufficiently supports Cesar's guilt of the crimes from which he was convicted."  (Report 22).  The Court agrees with Judge White's determination that an evidentiary hearing is unwarranted.[2]

---

[2] Additionally, Mr. Cesar maintains he was prejudiced or at least entitled to an evidentiary hearing because, in denying Mr. Cesar's Rule 3.850 motion, the trial court failed to attach the state's response which was incorporated into the order.  Mr. Cesar failed to support this contention with any case law or reasoning

Case No. 09-60479-CIV-ALTONAGA/White

## III. CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** as follows:

1.      The Report **[D.E. 20]** is **ACCEPTED IN WHOLE**.

2.      The Petition **[D.E. 1]** is **DENIED**.

3.      The Clerk shall **CLOSE** this case, and all pending motions are **DENIED AS**

**MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of July, 2010.

_Cecilia M. Altonaga_

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

to demonstrate how this might be prejudicial to him.  The Court does not find any merit to this argument.

5